# Marietta G. Boyle, Appellant, v. Hazleton Borough and Benjamin Rausch.

*Boroughs — Ordinances — Making opening in streets — Negligence — Evidence—Custom and usage.*

Where a borough ordinance makes it unlawful " to open, dig, or in any way disturb any street " without a written permission from the street commissioner, a permit from the burgess to lay a drain will not authorize the person who receives the permit to open or dig in a street, although the evidence shows that it was the habit of the burgess and of his predecessor in office to issue permits to make such openings.

No number of violations of a borough ordinance by a borough officer will nullify it, or constitute or establish a custom or usage which the law will recognize as of any validity.

Where an opening is made in a street in pursuance of such a permit, the person making the opening is a trespasser, and if his work renders the street unsafe for ordinary travel, it is the duty of the borough authorities having actual or constructive notice of the dangerous condition created by him, to take proper measures to protect the public against it.

Argued April 16, 1895.    Appeal, No. 237, Jan. T., 1895, by plaintiff, from judgment of C. P. Luzerne County, January Term, 1891, No. 35, on verdict for defendants.    Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and MITCHELL, JJ. Reversed.

Trespass for personal injuries.    Before WOODWARD, J.

At the trial it appeared that on the evening of October 30, 1890, plaintiff while driving with her husband on Laurel street in Hazleton was thrown from her carriage by reason of the horse and carriage falling into an open trench or ditch in the street.    The evidence showed that the ditch had been dug by Benjamin Rausch, a contractor, to connect a newly erected dwelling house with a public sewer.    On the day on which the accident occurred, and three days after the work had been begun, Rausch had obtained from the burgess a permit to lay a drain on Church street.    Section 1 of chapter XXII. of the borough ordinances is as follows :

" It shall be the duty of all persons wishing to erect, repair or remove buildings, excavate or wall cellars, or make any im-

provements, the doing of which would in any way encumber or obstruct any sidewalk, street or alley, before proceeding with the same to obtain a written or printed permission from the burgess, which permit shall describe the locality of such contemplated improvement and specify the time required to do the same."

Section 3 of chap. XVIII. of the ordinances is as follows:

"It shall not be lawful for any person, company, corporation, or their employees, to open, dig or in any way disturb any street or alley within the borough for any purpose without first applying to the street commissioner and obtaining written permission for that purpose. The street commissioner shall see that all persons to whom permits are so granted shall restore the street or alley to as good condition as before being opened, dug or disturbed; any persons offending against the provisions of this section shall forfeit and pay a penalty of ten dollars and remain liable to pay all expenses of restoring the street or alley so opened, dug or disturbed, to as good a condition as before such intermeddling therewith; provided that in case of any company having by their charter the right to enter upon any of the streets of the borough, the street commissioner shall in no instance refuse the said permit to said company or their employees," etc.

Philip Maue, the burgess of Hazleton borough, at the time of the accident, was called for defendants, and asked whether or not it was his habit to grant permits for this kind of work to persons applying.

Plaintiff objected, and the court made the following ruling:

I think we will allow you to show if you can that it was the custom, the practice in Hazleton borough, when excavations were made for similar purposes to the one in this case, to obtain permits from the burgess; although I am of the opinion that, strictly construed, those provisions of the by-laws and ordinances there, which have been discussed, would make it obligatory to get the permit from the street commissioner. But if it can be shown that the people there have labored under a common mistake on this subject, acting in good faith and without fraud, I am inclined to take the evidence and get along with it in that way.

Plaintiff excepts, and at his request bill is sealed.

The witness answered: Yes, sir; I granted all permits, and the burgess before me done the same thing. [9]

Benjamin Rausch, for defendants, testified as follows:

Q. State whether you went to the burgess to get a permit? A. Yes, sir. Q. What did you ask for?

Objected to.

The Court: We will take it.

Bill sealed for plaintiff.

Q. Go on and tell? A. Why, I asked for a permit. Q. For what? A. For digging a sewer. Q. Where? A. On Laurel and Fern streets. Q. From whose house? A. John Leisenring's house. Q. Did you pay for it? A. (Under objection) Yes, sir.

The Court: We will take it and give the plaintiff an exception. Bill sealed for the plaintiff.

Witness shown permit.

Q. State whether that is the paper you got at the time? A. Yes; that is the paper I got at the time, but I asked for the permit, but I did not get it. That permit was given for on Church street. Q. This is what the burgess gave you? A. Yes, sir. Q. When you asked for a permit to dig on Laurel street, this is what he gave you? A. Yes, sir. [10]

The permit was as follows:

" BOROUGH OF HAZLETON.—This is to certify that Benjamin Rausch has made application for the use of a street situated on Church street, for laying drain, time of permit to commence on October 27 and end November 3d; that the applicant paid sixty cents and is to comply with article 4 of the borough ordinance.

" PHILIP MAUE,
" Burgess."

It was admitted in evidence over the objections of plaintiff, and bill sealed. [11]

The court charged in part as follows:

It now becomes our duty to ascertain, under the rules of law, whose negligence it was, if anybody's, which caused this accident and injury. Under all the evidence in the case, can there be a recovery here by this plaintiff against this borough? Whatever may be the plaintiff's rights and remedies against

the contractor, has she a right to recover damages here from the borough of Hazleton? It will be observed that the digging of this trench was not in any sense a public enterprise, not an undertaking in which all the people of the town were interested; but it was a private improvement to be made by Mr. Leisenring, a citizen of the borough of Hazleton, the benefits of which were to be enjoyed by him exclusively. He was the owner of the premises. His purpose was to connect them with a public drain or sewer, and he employed a contractor to do the work. Benjamin Rausch was this contractor, one of the defendants, the man who undertook to do this work. To authorize him to dig up this street, it was necessary that he procure from the proper municipal authority the right so to do. He went to the burgess of the borough and asked for a permit to connect Leisenring premises with the sewer, and paid the usual fee therefor. [A permit or paper, signed by the burgess, was handed to him,] [1] and then he went on to do the work. Now, it becomes important in this case to ascertain whether this permit was sufficient to authorize a contractor like Mr. Rausch to go upon the highway and do what was done. One of the objections to this permit is that it mentions the wrong street; another is that it was granted by the burgess instead of the street commissioner; and thirdly that it was not correctly dated, but was procured on the morning of the accident and dated back—that being the allegation. We have given considerable attention to these questions, and have come to a conclusion on the subject as follows: [that the mistake in mentioning Church street in this paper was a clerical error, which is not fatal to its validity, under the testimony of Rausch, as to the manner of obtaining it and its purpose.] [2] It was granted by the burgess and not by the street commissioner. Under the ordinance of the borough of Hazleton, we are of opinion that it should have been granted by the street commissioner instead of the burgess; but we admitted testimony on this point, in the exercise of what we regarded as a fair discretion, to show that it had been the common—uniform practice, I may say, under the evidence, in this borough, to obtain permits for purposes similar to the one in this case, not from the street commissioner, but from the burgess.] [3] There is no evidence that in any case prior to this trial such permits have been issued by

the street commissioner; but there is evidence that in numerous cases like this similar permits have been issued to parties by the burgess. The permit was granted, then, under a misinterpretation of the meaning of an ordinance; but this interpretation was a possible one—in other words, it is possible so to read the ordinance in question as to mean what these people thought it meant, and furthermore, there is no fraud nor collusion in this respect alleged in the case, and therefore we hold that this certificate or permit, under the circumstances, was good and sufficient. On the other point, [as to whether it was correctly dated or not, or whether there has been any crookedness or fraud in the management of this part of the business, we simply say that we feel bound, under the evidence, to hold that there is no such testimony of actual fraud on this subject as would justify us in submitting that question to a jury;] [4] nor in any view of the case is there any evidence in this connection that this permit was issued after the accident occurred, although it is shown that it was dated differently on the minute book from the date which appears on the face of the paper itself. Fraud is not to be presumed, but must be proved. We are compelled to this conclusion, that on this point there is not sufficient evidence of actual fraud in the case to submit that question of fact to the jury. But we accompany these remarks on this branch of the case with the further observation that, like much public business, the testimony shows that this was done in a slipshod, lax and very improper way; that it is not an example to be followed, but only to be avoided, in the transaction of public business.

It follows from what we have said that, in our view of the case, [Rausch, the contractor, went to work on this excavation under a permit, and with the consent of the borough authorities.] [5] What, then, is the position of the borough in regard to this accident?

What else remains to be said in this case I can say, perhaps, better in connection with the points submitted.

Plaintiff's points were as follows:

1. That the defendant borough is at all times under legal obligations to the public to keep its streets in such condition and repair as will enable all persons and the public to pass upon and over them with safety, and if the jury believe from the evi-

dence that the injury to the plaintiff was caused by the dangerous and unsafe condition of Laurel street, in said borough of Hazleton, at the southwest corner of Laurel and Fern streets, without any contributory negligence on her part, their verdict should be for the plaintiff.   *Answer :* This point has reference to the liability of the borough exclusively, and as we have said we do not regard the borough responsible, the point cannot be affirmed.   It is therefore disaffirmed. [6]

2. That if the jury believe from the evidence the injuries to the plaintiff were caused by the negligence of the borough of Hazleton through its officers in not placing, or causing to be placed, around the excavation that had been made at the southwest corner of Laurel and Fern streets, where the injury occurred, the necessary and proper barricades, guards and lights, without any contributory negligence on the part of the plaintiff, their verdict should be for the plaintiff.   *Answer :* For the same reason as stated in regard to the first point, we cannot affirm this point and therefore negative it. [7]

Defendants' point was among others as follows :

That, under all the evidence, there can be no recovery in this case against the borough of Hazleton.   *Answer :* That point we affirm. [8]

Verdict and judgment for plaintiff against Benjamin Rausch for $1,300.

Verdict and judgment for defendant, Hazleton Borough. Plaintiff appealed.

*Errors assigned* were (1–8) above instructions, quoting them ; (9–11) rulings on evidence, quoting the bill of exceptions.

*James L. Morris* and *John T. Lenahan,* for appellant.—The sole manner in which the defendant borough could absolve itself from liability, was to show that the defendant, Rausch, was in lawful temporary possession of the public highway ; that he had a municipal license, properly issued, authorizing him to make the connecting drain from the Leisenring house across the public highway to the sewer: Apple v. West Chester Boro., 35 Pa. 284 ; Smith v. Simmons, 103 Pa. 32 ; Wood v. McGrath, 150 Pa. 451 ; 1 Dillon on Municipal Corporations, 322 ; Waterman on Corporations, vol. 2, p. 491 ; Pittsburg City v. Grier; 22 Pa. 54.

It was error to admit the evidence of a custom to control the statute, etc.: Evans v. Myers, 25 Pa. 114; Weaver v. Fegely, 29 Pa. 27; Godcharles & Co. v. Wigeman, 113 Pa. 431; First Nat. Bank v. Fiske et al., 133 Pa. 241; Trickett's Pennsylvania Borough Law, p. 483; Anewalt v. Hummel, 109 Pa. 271; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; 27 Am. & Eng. Ency., 798, 807; Shattuck v. Woods, 1 Pick. (Mass.) 170; Delaplane v. Crenshaw, 15 Gratt. 457; Beatty v. Gilmore, 16 Pa. 463; Bacon v. Boston, 3 Cush. 174; Temperance Hall Assn. v. Giles, 33 N. J. L. 260; Cutler v. Howe, 22 Mass. 541; Pierce v. U. S., 1 Ct. of Claims, 90; Curry v. Page, 2 Leigh (Va.), 617; Hicks v. Duncan, 4 Martin, N. S. 497; Rapp v. Palmer, 3 Watts, 178; Paull v. Lewis, 4 Watts, 402; Coxe v. Heisley, 19 Pa. 243; Lowry et al. v. Read et al., 3 Brewster, 452; Colgate v. Pennsylvania Co., 102 N. Y. 120; The La Fayette Lamb, 20 Fed. Rep. 319; Walker v. Western Trans. Co., 3 Wall. (U. S.), 150; Illinois R. Co. v. People, 19 Ill. App. 141; Osborne v. C. N. Nelson Lumber Co. 33 Minn. 285; McCune v. Burlington R. R. Co., 52 Iowa, 600; Chicago R. R. Co. v. People, 56 Ill. 365.

The powers and duties of municipal officers are only such as are conferred on them by statute or charter, and as are implied from necessity in order to carry out the purposes of the organization: Scribner v. Hollis, 48 N. H. 35; Dwight v. Boston, 12 Allen (Mass.), 316; Otsego County Bank v. Warren, 18 Barb. (N. Y.) 29; Commercial Bank v. Varnum, 3 Lans. (N. Y.) 90; The Forrester, Newb. Admr. 81; Crocker v. Schureman, 7 Mo. App., 358; Butler v. Charlestown, 7 Gray (Mass.), 12.

Town and city officers attempting to interfere with the rights of individuals must show, to acquire jurisdiction, that the very case has arisen in which they were authorized to proceed: Carron v. Martin, 26 N. J. L. 594; Maloney v. Bruce, 94 Pa. 249; Am. & Eng. Ency. of Law, vol. 19, p. 552; Am. Soc. v. Wistar, 11 Phila. 212; Mudge v. Williamsport, 78 Pa. 158; Williamsport v. Richter, 81 Pa. 508.

*T. F. McNair, G. L. Halsey* with him, for appellees.—The excavation into which plaintiff fell, being for a private drain from a house to a common sewer, was for a lawful purpose and was not per se a nuisance: Commonwealth v. Passmore, 1 S.

& R. 217; Piollet v. Simmers, 106 Pa. 95; 2 Dillon, Municipal Corp., 4th ed., § 730.

The work was done for Leisenring, a private individual, by Rausch, an independent contractor, and the borough is not liable for his negligence: Painter v. Mayor etc. Pittsburg, 46 Pa. 213; Allen v. Willard, 57 Pa. 374; Reed v. Allegheny City, 79 Pa. 300.

If the excavation was per se a nuisance, a municipal license could not legalize it, and it may be added, the doctrine of respondeat superior is not° of the case: McNerney v. Reading, 150 Pa. 611; King v. Thompson, 87 Pa. 365; Clark v. Fry, 8 Ohio, 358; Hubbell v. Viroqua, 67 Wis. 343.

Consent by a municipal corporation to a person to do a lawful act (excavating under a pavement for a vault) merely permits it to be done in a careful, prudent and lawful manner: Port Jervis v. First Nat. Bank, 96 N. Y. 556; Blake v. Ferris, 5 N. Y. 51; 10 Am. & Eng. Ency. of Law, 243.

It is competent to show mistake by parol testimony: Finney's Appeal, 59 Pa. 398; Gump's Appeal, 65 Pa. 476; Kostenbader v. Peters, 80 Pa. 438; Phillips v. Meily, 106 Pa. 536; Appeal of Jordan and Porter, 107 Pa. 75.

Fraud will not be presumed: Morton v. Weaver, 99 Pa. 47; Shoemaker v. Kunkle, 5 Watts, 108; Bear's Estate, 60 Pa. 430; Mead v. Conroe, 113 Pa. 220; Greenleaf on Evidence, § 80.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895:

The principal questions raised by this appeal are, (1) whether Rausch dug the sewer ditch at the intersection of Fern and Laurel streets under a lawful permit from the municipal authorities, and (2) whether the learned court erred in holding that there could be no recovery against the borough. Section 3 of the ordinance in relation to streets and alleys provides that "it shall not be lawful for any person, company, corporation or their employees to open, dig, or in any way disturb any street or alley without first applying to the street commissioner and obtaining a written permission for that purpose," and makes it the duty of such commissioner to "see that all persons to whom permits are so granted shall restore the street or alley to as good condition as before being opened, dug or disturbed." It is conceded that no permit was issued to Rausch under this

ordinance, but it is claimed that a permit was issued to him by the burgess under section 1 of the ordinance in regard to building permits, which authorized him to dig the ditch.

The learned court below thought that to authorize an opening in the street of this character the borough ordinance required that the written permission of the street commissioner should be first obtained, but, inasmuch as the burgess testified that it was his habit and the habit of his predecessor in office to issue permits to make such openings, the ditch must be regarded as dug under a valid municipal license.   The permit issued by the burgess and relied on to legalize the work done by Rausch at the intersection of Fern and Laurel streets simply allowed him to lay a drain on Church street, but, as he testified that it was given on his verbal application for leave to dig a ditch at the former place, the insertion of the words " Church street " was considered as a clerical mistake, and the permit as containing a license to do the work complained of. It should be stated in connection with the foregoing reference to the testimony and the conclusions of the court that the ordinance which authorized the burgess to issue permits required that he should describe in them the place where the work was to be performed, and that he occasionally delegated his power under it to a policeman. It also required that the permit should be obtained before the commencement of the work, while the evidence in this case would fairly sustain an inference that the permit in question was issued after the accident.

We agree with the learned court below that under the ordinances of the borough Rausch was bound to obtain from the street commissioner written permission to dig the ditch before proceeding to do so, but we cannot concur in its conclusion that a permit from the burgess to lay a drain on Church street authorized him to dig a ditch at the intersection of Fern and Laurel streets.   The burgess was not empowered by any ordinance to grant a permit to any person, company or corporation to open, dig or in any way disturb any street or alley within the borough, but, as we have already seen, the power to do so was expressly committed to the street commissioner.   If the burgess was in the habit of assuming and exercising powers not vested in him but plainly delegated to another, such habit may be considered as a violation of the borough ordinances but

not as a nullification of them. No number of violations of them will constitute or establish a custom or usage which the law will recognize as of any validity. We cannot therefore regard the evidence in relation to the habit of the burgess, and of his predecessor in office, as a warrant for giving to the permit in question the effect of a permit issued in accordance with section 3 of the ordinance which declares it to be unlawful for any person, company or corporation to open, dig or in any way disturb any street or alley in the borough without a written permission from the street commissioner. The validity of this ordinance is not questioned and the work done by Rausch was in contravention of it. In digging the sewer ditch without the written permission of the street commissioner he was a trespasser, and if his work rendered the street unsafe for ordinary travel it was the duty of the borough authorities, having actual or constructive notice of the dangerous condition created by him, to take proper measures to protect the public against it. In other words a municipality cannot tolerate unlawful and dangerous obstructions on its streets and claim exemption from liability for injuries caused by them.

The cases cited to sustain the borough's contention that it is not liable to the plaintiff for the injury she received in consequence of the work done by Rausch, are not applicable to the facts of this case. They are cases in which the work was done under a contract with or license from the municipality, while in this case the work was done without its permission and in violation of its laws. We see no occasion, and we are not disposed, to go a hair's breadth beyond them in relaxing the supervision by a municipality of the streets within it.

The specifications of error are sustained.

Judgment reversed and venire facias de novo awarded.